# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| Alannah Blanks, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Machol & Johannes, LLC,<br><br>Defendants. | Court File No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.

## INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief, brought by Alannah Blanks ("Plaintiff Blanks") because of Defendant Machol & Johannes LLC's ("Defendant Law Firm") violations of Plaintiff Blank's privacy rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and the protections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. Defendant Law firm publicly filed highly confidential and statutorily protected consumer reports[1] of Plaintiff Blanks and many other similarly situated Colorado

---

[1] As will be elaborated on below, a "credit score" is a "consumer report" See, 15 U.S.C §1681a(d)(1)(A) and 15 U.S.C §1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiffs will use the terms "credit report," "consumer report" and "credit score" interchangeably. They all maintain the same level of protection

1

consumers as part of state court collection actions commenced in Colorado circuit courts. Plaintiff Blanks seeks relief under the federal Fair Credit Reporting Act ("FCRA") as Defendant Law Firm did not "obtain" or "use" Plaintiff Blank's consumer reports for a "permissible purpose", nor do the credit scores in any way "evidence" the writing of the underlying credit transactions. Defendant Law Firm's egregious practices run afoul of exactly what Congress intended to prevent with its enactment of both the FCRA and FDCPA. The FCRA was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties. Defendant Law Firm violated these privacy provisions and should now be held accountable.

3. Courts in the Tenth Circuit acknowledge that the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors," §1692(a), and debt collectors are liable for failure to comply with "any provision" of the Act. §1692k(a). Courts in this circuit also acknowledge that the FDCPA is a broad remedial statute that imposes strict liability on debt collectors, and its terms are to be applied in a liberal manner.

## II.
## JURISDICTION

4. Jurisdiction of this court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. §1692k and 15 U.S.C. § 1681(p) ("FCRA").

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, the Plaintiff resides in this District, and Defendant Law Firm operated and were employed when engaging in the collection conduct alleged and have used a principal place of business in this District.

### III.

### PARTIES

6. Plaintiff, Alannah Blanks, is an individual consumer currently residing in El Paso County, Colorado. Plaintiff Blanks was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is protected by and entitled to enforce the remedies of the FCRA and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Machol & Johannes, LLC is law firm licensed to do business in the State of Colorado and has a principal place of business located at 700 17th Street, Suite 200, Denver, CO 80202. Defendant Law Firm regularly engages in the collection of consumer debts in the District of Colorado. Defendant Law Firm regularly attempts to collect consumer debts alleged to be due another. Defendant Law Firm is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Law Firm is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

## IV.

## BACKGROUND INFORMATION

8. As a result of Defendant Law Firm's conduct Plaintiff Blanks and the putative class have suffered an injury in fact, that the injury is traceable to the conduct of the Defendant Law Firm, and the harm is likely to be redressed by a favorable judicial decision.

9. As shown in the paragraphs that follow, the Plaintiff Blanks and the putative class have suffered "an invasion of a legally protected interest" which is their privacy of private and financial information occasioned by the conduct of the Defendant Law Firm.

10. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff Blanks and the putative class in a personal and individual way.

11. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

12. The Court in *Spokeo* further noted that:

> *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*
>
> *And,*

> *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*
> (Emphasis Added).

13. Invasion of privacy is an example in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

14. The lead Senate sponsor, William Proxmire[2] stated that:

    > *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*
    > (Emphasis Added).

15. One of the primary protections of the FCRA is the requirement that "persons" or "users", such as Defendant Law Firm, have and certify the permissible purpose when they obtain and use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

## V.

## FACTUAL ALLEGATIONS

16. As a consumer managing her financial affairs, Plaintiff Blanks, and others similarly situated, sought credit by the use of credit cards for personal financial needs from Discover Bank (hereinafter "Discover").

17. Plaintiff Blanks had a Discover credit card ending in 9694 (the "Account"), which constitutes a debt as that term is defined at 15 U.S.C. § 1692a(5).

---

[2] 115 Cong. Rec. 2413 (1969).

5

18. Discover offered to provided Plaintiff Blanks with her TransUnion credit score for each month and the preceding eleven months on her Discover monthly billing statements.

19. Based on Discover's representation that the credit scores to be included on her monthly billing statements were intended only for her personal use and would not be shared with any third party or used for some other purpose, Plaintiff Blanks accepted the offer and did not object to her credit scores being included along with her monthly billing statements.

20. Each monthly billing statement transmitted to Plaintiff Blanks during the life of the Account confirmed that her Trans Union credit report/score was "intended for and only provided to Primary cardmembers who have an available score."

21. At no time did Plaintiff Blanks provide Defendant Law Firm with or imply permission to obtain or use her Trans Union credit reports/ scores for any other purpose.

22. At some point Plaintiff Blanks became unable to repay the balance on the "Account".

23. Defendant Law Firm, through its attorneys, Rachael Petz, Jonathan Mitchell, Drew Thomas and Jacques A. Machol, filed a state court collection complaint in the Circuit Court of El Paso County on or about September 18, 2017, bearing the court file number 2017C45493 (referred to herein as the "state court action").

24. The complaint sought to recover a money judgment in the amount of $2,189.54

against Plaintiff Blanks for the unpaid balance on the Account, plus costs and disbursements and interest.

25. Defendant Law Firm attached a copy of a monthly billing statement for July 2017 to the state court action relating to Plaintiff Blank's credit card debt.

26. Specifically, the credit card billing statement that Defendant attached to the state court complaint contained Plaintiff Blank's credit score information. (*See attached Exhibit 1 – the "statement" (redacted by Plaintiff for this action)*).

27. The statement contained Plaintiff Blank's then-current Trans Union credit score/report on the first page, which was not redacted and was published by Defendant in this state court action.

28. The statement also contained Plaintiff Blank's then-current credit score/report, as well as her credit scores/reports for the preceding eleven months as reported by Trans Union, on the fourth page, Plaintiff Blank's credit scores/reports for a total of twelve months contained on page four of the statement was not redacted and was published by Defendant Law Firm in this state court action.

29. Filing and publishing Plaintiff Blank's credit scores was not required, necessary, essential nor otherwise supportable since the credit scores did not relate to or "evidence" the Account sought to be collected and provided no assistance in determining whether judgment should be entered against Plaintiff Blanks.

30. Plaintiff Blank's credit scores published by Defendant Law Firm constitute part of her private personal credit history as shown in her "consumer report," as that term

is defined by 15 U.S.C. § 1681a(d)(1).

31. The credit report/scores obtained and used by Defendant Law Firm in the state court action were provided by Trans Union to Discover solely for the purpose of including on Plaintiff Blank's credit card statements for her own personal use.

32. Plaintiff Blanks did not authorize Discover or its Defendant Law Firm's agents to obtain and/or use her credit scores for any other purpose, not did Defendant Law Firm certify to Trans Union the purpose for which they obtained and used the credit scores pursuant to 15 U.S.C. §§ 1681b(f) and 1681e.

33. Defendant Law Firm's illegal procurement and use by publication of Plaintiff Blank's credit scores violated the requirements of 15 U.S.C. §1681b(f) as Defendant Law Firm nor Discover had a permissible purpose for obtaining or using Plaintiff Blank's protected personal and private information.

34. Defendant Law Firm by filing the state court action was attempting to collect a debt from Plaintiff Blanks.

35. Defendant Law Firm's filing of Plaintiff Blank's personal consumer report/credit scores violated 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

36. Upon information and belief Defendant Law Firm assigns its debt-collection attorneys such a large case load that none of the attorneys can meaningfully review and attend to the cases assigned to him or her, which results in material errors and oversights to the detriment of consumers, including Plaintiff Blanks.

37. Defendant Law Firm has signed pleadings to be filed in court actions, attaching

unredacted copies of the respective state court consumer / Discover monthly statement publishing the consumer's consumer reports/credit scores.

38. Defendant Law Firm had, at all times material, a duty to adequately supervise the professional legal activities of themselves, associates or junior attorneys.

39. Defendant Law Firm, through acts or omissions, breached their duty by negligently and/or recklessly failing to adequately supervise associates or junior attorneys by failing to take reasonable steps to protect the rights of consumers' privacy as described herein.

40. As a direct and proximate result of Defendant Law Firm's reckless supervision, Plaintiff Blanks suffered harm as described herein.

41. Defendant Law Firm knew, or should have known, that publishing a consumer credit score/report as an attachment to a pleading filed in Colorado State courts was unlawful.

## VI.

## CLASS ALLEGATIONS

42. Defendant Law Firm unlawfully obtained and/or "used" the Trans Union consumer reports / credit scores received from Discover of Plaintiff Blanks and others when they published said reports in their filing of collection complaints in circuit courts throughout the state of Colorado.

43. Upon information and belief, Defendant Law Firm has on more than one hundred (100) occasions within the past two (2) years filed state court collection actions

against similar consumer debtors wherein it unlawfully "used" the Trans Union consumer reports/credit scores, in violation of 15 U.S.C. §§ 1681b(f).

44. Upon information and belief, Defendants have on more than fifty (50) occasions within the past 1 year filed state court collection actions against similar consumer debtors wherein it or its creditor client failed to provide a notice of right to cure default or in violation of 15 U.S.C. §1692e, §1692e(5), §1692e(10), §1692d and §1692f.

45. Plaintiff Blanks brings this action individually and as a class action.

46. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff Blanks seeks to certify two (2) classes.

47. The first class Plaintiff Blanks seeks to certify is defined hereinafter the "FCRA Class":

> *All Colorado consumers that have had their Trans Union consumer reports / credit scores published in various judicial court actions by Defendant Law Firm within two years of the date of the filing of this Complaint.*

48. The FCRA Class shall be subject to the following exclusions, who are not members of the FCRA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff Blanks and the Class, (2) Counsel for Defendant Law Firm, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

49. The second class that Plaintiff Blanks seeks to certify is defined hereinafter the "FDCPA Class":

> *All Colorado consumers that have had their Trans Union consumer*

> *reports / credit scores published in various judicial court actions by Defendant Law Firm within one year of the date of the filing of this Complaint.*

50. The FDCPA Class shall be subject to the following exclusions, who are not members of the FDCPA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff Blanks and the Class, (2) Counsel for Defendant Law Firm, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

### *Rule 23(a) Requirements*
#### *Numerosity*

51. Various nonparty credit providers grant credit cards to Colorado consumers.

52. Some of those Colorado consumers may have, at one time or another, defaulted on their credit card obligations.

53. Some of the nonparty credit issuers have used Defendant Law Firm to file pleadings containing credit scores in collection actions against such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

54. Defendant Law Firm's conduct debt collection activities and have filed collection actions against Colorado consumers on behalf of nonparty credit issuers like Discover.

55. Therefore, the estimated number of class members for each of the two classes is in excess of fifty (50) persons.

*Commonality*

56. All members of the FCRA and FDCPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendant Law Firm.

57. Common evidence, in particular (1) a list of Colorado consumer debtors who had had consumer/credit reports / scores filed in court actions by Defendant Law Firm; and (2) a list of Discover consumer debtors in Colorado who have had collection suits filed against them specifically by Defendant Law Firm, will drive resolution of the claims of the Classes.

58. Statutory relief under the FCRA and FDCPA is directed based upon the common conduct of Defendant Law Firm, and not the subjective, individual experiences of members of the FCRA and FDCPA Classes.

*Typicality*

59. Plaintiff Blanks has the same claims to statutory relief as do all other members of the Classes.

60. Any defenses that Defendant Law Firm may have to liability or quantum of statutory damages with respect to Plaintiff Blank's claims would be generally applicable to all members of the two Classes.

*Adequacy*

61. Plaintiff Blanks brings this lawsuit after an extensive investigation of Defendant Law Firm's alleged misconduct.

62. Plaintiff Blanks brings this lawsuit with the intention to stop Defendant Law Firm's unlawful practices and recovery statutory remedies for all consumers affected.

63. Plaintiff Blanks will continue to vigorously pursue relief for the Classes.

64. Plaintiff Blank's counsel, specifically the Consumer Justice Center P.A., have been certified as class counsel in numerous of class actions enforcing consumer rights laws in this District and other districts of the United States Federal Courts.

65. Plaintiff Blank's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

66. Statutory relief under the FCRA and FDCPA follows from evidence that Defendant Law Firm acted in a manner common to the entire class and not the subjective experience of any one complainant.

67. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

*Superiority*

68. Plaintiff Blank's and her counsel are not aware of any other pending actions against Defendant Law Firm related to the FCRA and FDCPA classes (concerning the filing of consumer reports and credit scores).

69. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

70. Upon information and belief, few members of the Classes are aware that Defendant Law Firm's actions were unlawful.

71. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

## VII.

## CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 et seq.

72. Plaintiff Blanks incorporates by reference all the foregoing paragraphs.

73. Defendant Law Firm willfully violated provisions of the Fair Credit Reporting Act.

74. Defendant Law Firm's violations include, but are not limited to, 15 U.S.C. §§ 1681b and 1681b(f).

75. Defendant Law Firm's violations caused Plaintiff Blanks emotional distress and anxiety concerning her private credit score and credit profile being published in the public records for others to review and see.

76. As a result of the above and continuing violations of the FCRA, Defendant Law

Firm are liable to the Plaintiff Blanks in the sum of actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## COUNT II.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.

77. Plaintiff Blanks incorporates by reference all the foregoing paragraphs.

78. The foregoing acts and omissions of Defendant Law Firm constitute violations of the FDCPA as outlined above.

79. Defendant Law Firm engaged in unlawful debt collection activity when filing the collection action against Plaintiff and the simultaneous filing of the Plaintiff Blank's credit scores, in violation of 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

80. Defendant Law Firm's violations have caused Plaintiff Blanks actual damages in the form of emotional distress and mental anguish that manifested itself in anxiety and sleeplessness.

81. As a result of Defendant Law Firm's violations of the FDCPA, Plaintiff Blanks is entitled to actual damages, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Law Firm.

## VIII.

## TRIAL BY JURY

82. Plaintiff Blanks is entitled to and hereby demands a trial by jury. U.S. Const.

amend. VII; Fed. R. Civ. P. 38.

## IX.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Blanks respectfully requests that a Judgment be entered against Defendant Law Firm awarding the following relief:

(a) certifying the action as a class;
(b) ordering that Plaintiff Blanks be named as class representative;
(c) ordering that Plaintiff Blank's counsel be named as class counsel;
(d) awarding Plaintiff Blanks and the FCRA Class appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
(e) awarding Plaintiff Blanks and the FCRA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. §1681 *et seq.*;
(f) an order enjoining the Defendant Law Firm from further violations of the Fair Credit Reporting Act relative to the Discover's inclusion of consumer reports / scores in all such pleadings filed in various Colorado circuit courts;
(g) an Order instructing Defendant Law Firm to move to seal all class members' Colorado circuit court collection files;
(h) awarding Plaintiff Blank's actual and statutory damages against the Defendant Law Firm for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
(i) awarding the FDCPA Class members statutory damages against Defendant Law Firm for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
(j) awarding Plaintiff Blanks and the FDCPA Class members reasonable attorney's fees and costs against Defendant Law Firm;
(k) any other appropriate declaratory and/or injunctive relief; and
(l) such other and further relief as the court deems just and equitable.

Dated this 31st day of August, 2018.

    Respectfully submitted,

    By: s/Thomas J. Lyons Jr.

    Thomas J. Lyons Jr., Esq.
    MN Attorney I.D. #: 0249646
    CONSUMER JUSTICE CENTER P.A.
    367 Commerce Court
    Vadnais Heights, MN  55127
    Telephone: 651-770-9707
    Facsimile:  651-704-0907
    tommy@consumerjusticecenter.com

    Sara J. Lipowitz, Esq.
    CO Attorney Registration #49477
    DUNLAP, BENNETT & LUDWIG, PLLC
    8010 S. County Rd. 5, Ste. 207
    Fort Collins, CO 80528
    Telephone: 970-689-3376
    slipowitz@dbllawyers.com

    ***ATTORNEYS FOR PLAINTIFF BLANKS***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF COLORADO         )
                          ) ss
COUNTY OF <u>El Paso</u>         )

I, Alannah L. Blanks, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff Blanks in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

        s/Alannah Blanks
        Alannah Blanks
        4556 Desert Varnish Drive
        Colorado Springs, CO  80922

Subscribed and sworn to before me
this <u>8th</u> day of August, 2018.

s/Amber S. Wieczorek
Notary Public