# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02291-WYD

ALANNAH BLANKS, on behalf of herself and
others similarly situated

      Plaintiff,
v.

MACHOL & JOHANNES, LLC

      Defendant.

---

### CLASS ACTION STIPULATON AND AGREEMENT OF SETTLEMENT

---

It is hereby stipulated and agreed by and between the undersigned Parties, subject to the approval of the Court, that the settlement of this Action shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement and/or Settlement.

**SECTION I – PREAMBLE**

1. WHEREAS Alannah Blanks ("Blanks" or "Plaintiff") is the named plaintiff in the action entitled *Blanks, on behalf of herself and others similarly situated v. Machol & Johannes, LLC*, Case No. 18-cv-02291-WYD, commenced on or about September 6, 2018 (the "Action");

2. WHEREAS Plaintiff filed a Complaint for damages and declaratory relief against Defendant Machol & Johannes, LLC ("Machol" or "Defendant") for violations of

the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"); and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (the "FDCPA");

    3.    WHEREAS Plaintiff alleges that Machol publicly filed consumer reports of Plaintiff Blanks and others similarly situated as part of state court collection actions commenced in Colorado district courts, and that such publication allegedly violates the FCRA and FDCPA;

    4.    WHEREAS the Action seeks monetary and injunctive remedies on behalf of Plaintiff and two classes of similarly situated persons;

    5.    WHEREAS the Parties have negotiated this Settlement at arms' length, and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions;

    6.    WHEREAS Defendant denies the allegations of the Action, denies that the allegations state a claim for which relief may be granted, denies that Plaintiff has standing to assert such claims due to her failure to allege concrete harm, denies all allegations of wrongdoing and liability, and denies any causation of harm or damage to the Settlement Classes, as such Classes are defined below (*see* Section 2, below.);

    7.    WHEREAS Defendant nevertheless has concluded that, in light of the costs, risks and disruption of litigation, this Settlement is appropriate on the terms and conditions set forth herein;

8. WHEREAS Plaintiff believes that the claims asserted in the Action are meritorious.

9. WHEREAS Plaintiff nevertheless has concluded that, in light of the costs, delay and risks of litigation and in the desire to provide relief to the Settlement Classes sooner rather than later, this Settlement is fair, reasonable, adequate and in the best interests of the Settlement Classes.

10. WHEREAS the performance of any act referenced in this Settlement Agreement, or any other circumstance regarding the Parties' agreement to settle, shall not be considered an admission of liability or as an admission of any allegations made in any claim or litigation, including this Action; and

11. WHEREAS the Parties hereto agree that the Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any federal or state statute, rule or regulation, principal of common law or equity, or of any liability or wrongdoing whatsoever by Defendant, or the truth of any of the claims asserted in the Action, or elsewhere;

12. WHEREAS the Parties hereto agree that the certification of the Settlement Classes shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement;

13. WHEREAS the parties hereto agree for purposes of settlement only that Plaintiff was the prevailing party and/or brought this successful action to enforce compliance with 15 U.S.C. §1692 and 15 U.S.C. §1681.

14. NOW THEREFORE, it is hereby stipulated and agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the approval of the Court, the Action shall by fully and finally settled and dismissed with prejudice under the following terms and conditions:

**SECTION 2- DEFINITIONS**

As used in this Settlement Agreement, the terms set forth below shall have the meanings set forth below.  The singular includes the plural and vice versa.

1. "Action" means the civil action entitled *Blanks, on behalf of herself and others similarly situated v. Machol & Johannes, LLC,* Case No. 18-cv-02291-WYD.

2. Plaintiff and Defendant herein are collectively referred to as the "Parties" or individually as a "Party."

3. "Class Counsel" means Thomas J. Lyons, Jr. of the law firm Consumer Justice Center, P.A.

4. "Court" means the United States District Court, District of Colorado.

5. "Named Plaintiff" or "Plaintiff" means Alannah Blanks, the plaintiff named in the Action.

6. "Discover" means Discover Bank.

7. "FCRA" refers to the federal Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*.

8. "FDCPA" refers to the federal Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq*.

9. The "FCRA Settlement Class" means all Colorado consumers who have had their Trans Union consumer reports/credit scores published in various judicial court actions by Defendant within two years of the date of the filing of this Action.

10. The "FDCPA Settlement Class" means all Colorado consumers who have had their Trans Union consumer reports/credit scores published in various court actions by Defendant within one year of the date of the filing of this Action.

11. The "Settlement Classes" means collectively the FDCPA Settlement Class and the FCRA Settlement Class.

12. "FCRA Settlement Class Members" means any member of the FCRA Settlement Class

13. "FDCPA Settlement Class Members" means any member of the FDCPA Settlement Class.

14. "Class Members" refers collectively to the FCRA Settlement Class Members and FDCPA Settlement Class Members, however to the extent an FCRA Settlement Class Member is also an FDCPA Settlement Class Member, such individual is only considered one "Class Member" for purposes of the Class Member Settlement Payment.

15. "Claims" means any and all claims and causes of action asserted, or that could have been asserted by Plaintiff in the Action, on behalf of herself or any other individuals, known and unknown, related to the publication of a credit report in a judicial proceeding, in connection with any debt sought to be collected by Defendant.

16. "Incentive Award" refers to the amount of money to be paid to Plaintiff from the Settlement Fund as set forth in this Settlement Agreement.

17. "Cy Pres Award" means the reversion of any unclaimed settlement funds to the Legal Aid Foundation of Colorado.

18. "Settlement Administrator" refers to the firm, person or entity selected by the Parties that will be responsible for administrating the settlement notice and payments, and related matters set forth in this Settlement Agreement.  The Settlement Administrator is Analytics Consulting LLC.

19. The "Class Member Settlement Payment" means $60.00 per Class Member to be paid by Machol in accordance with the terms of Section 3(1)(iii) below.

20. The "Total Class Settlement Payment" shall equal the Class Member Settlement Payment multiplied by the number of Class Members, an estimated total of $51,540.00.

21. "Effective Date" means the first date by which all of the following events shall have occurred: (a) the Court has entered a Final Approval Order and Judgment; and (b) the Final Approval Order and Judgment have become final.

## SECTION 3 – SETTLEMENT TERMS AND CONDITIONS

**1.     MONETARY TERMS OF SETTLEMENT**

In exchange for a release of claims as set forth below, Defendant will make the following payments:

   i. The "Incentive Award" in the amount of $5,000 for the Named Plaintiff for her services as representative of the class;

   ii. "Settlement Administrator Costs" to be determined;

   iii. "Class Member Settlement Payment" in an amount of $60.00 per Class Member[1], with all unclaimed funds to be awarded to the Legal Aid Foundation of Colorado; and

   iv. "Attorney Fees and Costs," which the Parties agree shall not exceed $50,000.00.

**2.     CLASS CERTIFICATION**

For settlement purposes only, the parties stipulate to the certification of the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In making this stipulation, the Parties acknowledge for settlement purposes only that the Named Plaintiff is similarly situated to the members of the Settlement Classes as such classes are defined in this Settlement Agreement and that Class Counsel is adequate.

---

[1] It is understood by the Parties that the membership of both Classes are similar and substantially overlap. For the purposes of the Class Member Settlement Payment, Class Members that are members of both Classes shall only receive one payment of $60.00.

3. **PROTECTION OF CLASS MEMBERS' CREDIT REPORTS IN JUDICIAL PROCEEDINGS**

Within sixty (60) days following the Effective Date, Defendant Machol will use best efforts to petition all applicable courts to change the filing status of any previously filed credit report/credit score of any Class Member from public record to protected.

4. **CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE FOR PRELIMINARY AND FINAL APPROVAL**

The Parties jointly consent to the jurisdiction of a Magistrate Judge for consideration of the Parties' motions for Preliminary and Final Approval of this Settlement Agreement pursuant to 28 U.S.C. §636(c), Fed. R. Civ. P. 73, and/or D. C. COLO. LCivR. 72.2.

5. **SETTLEMENT TIMELINE**

The Parties agree to follow the following timeline for completion of the settlement process and the dismissal of this Action:

(a) <u>Preliminary Settlement Approval</u>:  Promptly after execution of this Settlement Agreement, Plaintiff shall file a Joint Motion for Preliminary Settlement Approval requesting that the Court: (1) grant preliminary approval of the Parties' Settlement Agreement; (2) certify the Settlement Classes pursuant to Federal Rule of Civil Procedure 23(b)(1) and 23(b)(3); (3) appoint Thomas J. Lyons as Class Counsel for the Settlement Classes; (4) approve the parties' proposed Class Notice (filed separately with the Court); (5) approve the proposed class action settlement procedure; (6) set a date during the Notice Period for Plaintiff to File a Joint Motion for Final Settlement Approval and a

petition for an award of attorneys' fees and costs; and (7) schedule the Final Fairness Hearing.

(b)   <u>Notice Period</u>:  Within ten (10) business days after the Court's Order granting Preliminary Settlement Approval, Machol shall provide the Settlement Administrator and class counsel with the names and last known addresses for the members of the Settlement Classes (the "Class Lists").  Within ten (10) business days of receipt of the Class Lists, the Settlement Administrator will mail the settlement materials described below in Section 6 to the members of the Settlement Classes, who will have thirty (30) days to consider the terms of the Settlement (the "Notice Period").

(c)   <u>Final Settlement Approval:</u> Within ten (10) business days following the end of the Notice Period, Plaintiff's Counsel will file a Joint Motion for Final Settlement Approval.

(d)   <u>Fairness Hearing:</u>  The Court will hold a hearing for the purpose of determining the fairness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement, and entering Judgment.

**6. <u>SETTLEMENT ADMINISTRATION</u>**

(a)   Through a Settlement Administrator, jointly selected by the Parties, the members of the Settlement Classes will receive a Class Notice, which will (i) describe the Action; (ii) explain how members of the Settlement Classes were identified as members of the respective Class; (iii) indicate the settlement payment for each member of the

Settlement Class; (iv)indicate that the Court has preliminarily approved the Settlement; (v) provide instructions for how to opt-out of the Settlement; and (vi) provide instructions for how to object to the Settlement at the Fairness Hearing. The Settlement Administrator shall be responsible for completing an address verification and skip trace process as necessary to locate members of the Settlement Classes, and it shall be responsible for the issuance of all Class Member Settlement Payments and the Cy Pres Award.

(b)  Machol shall deliver or cause to be delivered the Total Class Settlement Payment to the Settlement Administrator for deposit into an escrow account, no later than thirty (30) days after the Effective Date. The Settlement Administrator shall not disburse any settlement funds to Plaintiff or Plaintiff's Counsel until at least thirty-one (31) days after the Effective Date. Class Member Settlement Payments shall be dispersed by the Settlement Administrator within ten (10) business days thereafter.

(c)  Machol shall deliver or cause to be delivered the Incentive Award and Class Counsel Fees and Costs Award as ordered by the Court within 30 days of date of the Final Approval Order in a single check made payable to Class Counsel.

(d)   Settlement checks that are not returned to the Settlement Administrator but have not been cashed within 90 days after issuance by the Settlement Administrator shall be void, and any such amounts shall revert to the Cy Pres Award recipient: The Legal Aid Foundation of Colorado.

7.  RELEASE OF CLAIMS

Following the Fairness Hearing, and upon the Court issuing an Order granting final approval of the Settlement, granting final approval of this Settlement Agreement, and entering Judgment dismissing the Action with prejudice, and as a condition of negotiating any payment pursuant to this Settlement Agreement, Plaintiff and each member of the Settlement Classes will release and discharge Machol and its former and present parents, subsidiaries, insurers, affiliates, and their offices, directors, employees, partners, shareholders, members, managers and agents, and any other successors, assigns, or legal representatives(the "Released Parties") from any and all claims, causes of action, or liabilities known or unknown that were or could have been asserted in the Action, as well as all claims known and unknown related to the filing of a credit report in a Colorado judicial proceeding in connection with the debt collection efforts of Machol or any of the Released Parties, including any and all comparable federal, state, and local laws (the "Released Claims").

In addition, the Named Plaintiff will, to the fullest extent permitted by law, release the Released Parties from any and all claims, causes of action, or liabilities, known or unknown, of whatever nature, arising from events taking place at any time prior to the execution of this Settlement Agreement.

### 8. ASSUMPTION OF RISK

In entering into this Settlement Agreement, each of the Parties assumes the risk of any mistake of fact or law.  If either Party should later discovery that any fact which the

Party relied upon in entering this Settlement Agreement is not true, or that the Party's understanding of the facts or law was incorrect, the Party shall not be entitled to modify, reform, or set aside this Settlement Agreement, in whole or in part, by reason thereof. The Parties agree that at the time this Settlement Agreement was executed, there were unsettled issues of law, and the Parties agree to honor this Agreement regardless of the developments in the law after execution; specifically, the Named Plaintiff and Class Counsel recognize and agree that, given these uncertainties in the law, the Named Plaintiff and Class Counsel are receiving valuable consideration for the settlement of this Action at this time and per the terms of this Agreement. The Parties will advocate for Court approval of this Settlement Agreement.

9. **STATEMENTS OF NO ADMISSION AND NO PUBLICITY**

(a) This Settlement Agreement does not constitute and is not to be deemed, construed, or used as an admission by Defendant as to the truth of the factual allegations or the merits of the claims made against it in this Action. The Parties acknowledge that they are entering into this Settlement Agreement because the proposed settlement would eliminate the risk, burden, and expense of further litigation and would fully and finally resolve all settled claims.

(b) This Settlement Agreement does not constitute and is not to be deemed, construed, or used as an admission of liability or wrongdoing on the part of the Defendant with respect to this Action. In no manner shall this Settlement Agreement be construed or

deemed to be an admission by Defendant that it has violated any statute, regulation, or other law.

    (c)    Neither Plaintiff nor Plaintiff's Counsel shall issue a press release or otherwise publicize or seek any publicity regarding the Action or the terms of this Settlement Agreement, without the express written consent of the Defendant.  Such prohibition on publicity should not be construed as to prohibit the Parties and their counsel from otherwise publicly disclosing the terms of this Settlement Agreement for the purpose of obtaining preliminary or final approval of the Settlement Agreement, to comply with regulatory or other legal disclosure obligations, or in connection with future litigation relating to the issues raised in this Action. Specifically, Plaintiff's counsel is not prohibited from disclosing, referring, or citing to any orders or pleadings in this matter in future litigation.

    **10.**    **DISMISSAL**

The Parties agree to cooperate and take all steps necessary and appropriate, as requested or required by the Court, to dismiss this Action with prejudice.

**SECTION 4- MISCELLANEOUS PROVISIONS**

    **11.**    **TAX RESPONSIBILITY**

Each recipient of any monies paid in accordance with this Settlement Agreement is responsible for any taxes associated with the monies received by each recipient.

Machol is not giving any tax advice in connection with the Settlement or any payments to be pursuant to the Settlement Agreement.  Plaintiff agrees that Defendant shall have no responsibility to pay any taxes related to the common fund settlement. .

12. **INTEGRATION**

This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

13. **NO USE AS EVIDENCE**

Neither this Settlement Agreement nor any of its terms shall be offered or received into evidence in this Action, or in any other action or proceeding; provided, however, that nothing contained in this section shall prevent this Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe or finalize this Settlement Agreement.

14. **NO COLLATERAL ATTACK**

This Settlement Agreement shall not be subject to collateral attack by any Class Member or any recipient of Class Notice after Judgment and Dismissal is entered.  Such prohibited collateral attacks shall include claims that the Class Members failed to timely receive notice, a Class Member's payment was

inadequate, or for any other related reason. All Class Members shall be enjoined from pursuing and/or seeking to reopen claims of any type based upon the conduct alleged in this Action and released herein.

### 15. NO ASSIGNMENT

Each Party represents, covenants and warrants that she or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that she or it herein releases.

### 16. BINDING ON ASSIGNS

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors and assigns.

### 17. GOVERNING LAW

This Agreement shall be governed by, construed, and interpreted, and the rights of the Parties determined in accordance with federal law. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

### 18. REPRESENTATION BY COUNSEL

The Parties acknowledge that they have been represented by counsel throughout the negotiations which preceded the execution of this Settlement

Agreement, and that this Settlement Agreement has been executed with the consent and advice of counsel.

### 19. CONSTRUCTION

The Parties agree that the terms and conditions of this Settlement Agreement are the result of arms' length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party, or his or its counsel, participated in the drafting of this Settlement Agreement.

### 20. COUNTERPARTS

This Settlement Agreement and any amendments hereto, may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument.  A facsimile or portable data file (PDF) signature shall be deemed an original for all purposes.

### 21. PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the respective Parties to its terms and conditions.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed in counterparts, each of which is an original as of the date first written above.

Dated: February __, 2019

                                            By: _____

                                            ALANNAH BLANKS, on behalf of herself and the proposed classes

Dated: February __, 2019

                                            MACHOL & JOHANNES, LLC


                                            By: _____
                                                Name_____
                                               Title_____