IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02291-CMA-KMT

ALANNAH BLANKS, on behalf of herself and
others similarly situated

      Plaintiff,
v.

MACHOL & JOHANNES, LLC

      Defendant.

**[PROPOSED] ORDER RE JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

The above matter came before the Court upon Plaintiff's unopposed motion, pursuant to Fed. R. Civ. P. 23, for final approval of the proposed class action settlement ("Proposed Settlement") as set forth in a Settlement Agreement dated February 2019, ("Agreement"). All capitalized terms in this Order shall have the meanings given them in the Agreement.

Plaintiff was represented by counsel Thomas J. Lyons, Jr. of the CONSUMER JUSTICE CENTER, P.A. ("Plaintiff's Counsel"). Defendant was represented by counsel Alan Schindler, Esq. of TIMMINS LLC.

On or about February 11, 2019, after extensive arms-length negotiations, Plaintiff and Defendant (or, when referred to jointly with Plaintiff, the "Parties") entered into a

Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On February 11, 2019, the Parties filed the Agreement, along with a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion")(*ECF #33*).

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and partial compliance with this Court's Order Granting Joint Motion for Preliminary Approval of Class Action Settlement (ECF #37) (the "Preliminary Approval Order"), ~~more than ninety (90) prior to the Fairness Hearing on May 29, 2019,~~ counsel for the Defendant served written notice of the proposed class settlement on the appropriate federal and state officials on May 10, 2019. (*ECF #39*~~—~~).  Defendant's counsel inadvertently neglected to send the CAFA notices prior to May 3, 2019 as required by the Preliminary Approval Order, but sent such notices on May 10, 2019, one week after said deadline.

On February 13, 2019, upon consideration of the Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order")(*ECF #37*). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit;

(ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Alannah Blanks as the Class Representative; (iv) appointed Thomas J. Lyons, Jr., as Class Counsel; (v) designated Analytics Consulting, LLC as the Settlement Administrator with the authority to accept and disburse funds as directed by the court order and settlement agreement; and (vi) set the date and time of the Fairness Hearing.

On May 10, 2019, Plaintiff filed her Motion for Attorney fees and costs (*ECF #__*).

On May 10, 2019, the parties filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion")(*ECF #__*).

On May 29, 2019, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Attorney Fee and Cost Motion, Final Approval Motion, and record.

**IT IS HEREBY ORDERED** that:

1.  <u>CLASS MEMBERS</u>.  The Court finally certifies plaintiffs' class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> (1) The "FCRA Settlement Class" means all Colorado consumers who have had their TransUnion consumer reports/credit scores published in various judicial

court actions by Defendant within two years of the date of the filing of this Action; and

(2) The "FDCPA Settlement Class" means all Colorado consumers who have had their TransUnion consumer reports/credit scores published in various court actions by Defendant within one year of the date of the filing of this Action.

The foregoing is the "Settlement Classes" and its members are "Class Members."

2. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. The Court finally certifies Plaintiff Alannah Blanks as the Class Representative and Thomas J. Lyons, Jr. as Class Counsel.

3. <u>NOTICES</u>. Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Class Members. (*ECF #38*). The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the Class Members of their rights.

4. <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.  The claims of the Plaintiff are typical of the claims of the Class Members;

D.  The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5.  The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class.

6.  <u>SETTLEMENT TERMS</u> – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The Parties are hereby directed to perform the terms of the Agreement.  Plaintiff Alannah Blanks is awarded $5,000.00 as statutory damages and for service as the class representative. The Class is awarded $75.57 each to be distributed among the class members as set forth in the Agreement.  Any undistributed amounts are awarded as a *cy pres* remedy to The Legal Aid Foundation of Colorado.  Class Counsel is awarded $50,000 in attorney fees and costs.

7. <u>OBJECTIONS AND EXCLUSIONS</u> – The Class Members were given an opportunity to object to the settlement. Zero Class Member(s) objected to the settlement. One Class Member has made valid and timely request for exclusion and is excluded from the class and settlement and is not bound by this Order. The identity of such person is set forth in <u>Exhibit A</u>, attached hereto.

8. This Order is binding on all Class Members, except the individual identified in <u>Exhibit A</u> hereto, who validly and timely excluded himself from the class.

9. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>. The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. The Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

10. The Lawsuit is hereby dismissed with prejudice in all respects.

11. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

_____
CHRISTINE M. ARGUELLO
United States District Court